UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------- X
                                       :
ABRANEIKA WALTERS,                     :
                                       :
                         Plaintiff,    :
                                       :        22cv1907 (DLC)
            -v-                        :
                                       :        OPINION AND ORDER
STARBUCKS CORP., TAFSIR MBODJE, and    :
NICK TOBIAS                            :
                                       :
                         Defendants.   :
                                       :
-------------------------------------- X

APPEARANCES:

For plaintiff:
Maya Risman
Risman & Risman, P.C.
299 Broadway
Ste 17th Floor
New York, NY 10007

Evan Craig Brustein
Brustein Law PLLC
299 Broadway
Ste 17th Floor
New York, NY 10007

For defendants:
Devjani Mishra
Rebecca Ann Goldstein
Littler Mendelson, P.C.
900 Third Avenue
New York, NY 10022

DENISE COTE, District Judge:

    Abraneika Walters has brought this action against

defendants Starbucks Corp. ("Starbucks"), Tafsir Mbodje, and

Nick Tobias for sexual harassment, discrimination, and

retaliation she experienced while working as a store manager at a Starbucks location.  The defendants have moved to compel arbitration and dismiss the case.  For the following reasons, the defendants' motion to compel arbitration is granted.

## Background

Unless otherwise noted, the following facts are taken from the Complaint, and are assumed to be true for the purposes of this motion.  In December 2019, Starbucks hired Walters as a store manager for one of its downtown locations ("Starbucks on Broadway").  Before starting, Walters signed the Starbucks Mutual Arbitration Agreement (the "Arbitration Agreement").  The defendants have provided a signed copy of the agreement with their motion.  The Arbitration Agreement requires the parties to "use binding individual arbitration to resolve any 'Covered Claims'" that arise between them.  "Covered Claims" include any claims relating to Walters's employment, "including those concerning any element of compensation, harassment, discrimination, retaliation, recovery of bonus or relocation benefits, leaves of absence, accommodations, or termination of employment."

In July of 2020, Mbodje was assigned to supervise Starbucks on Broadway.  Shortly after Mbodje was assigned to the store, Walters called Mbodje to discuss concerns that another female employee had after interacting with him.  Mbodje raised his

voice on the call and threatened Walters' employment.  Walters
then contacted human resources regarding her interaction with
Mbodje, but human resources never followed up with her.  Several
days later, Mbodje warned Walters not to make any more
complaints about him.

Throughout 2020, Walters received frequent and unwelcome
sexual advances from Mbodje.  These interactions continued even
though Walters made clear to Mbodje that she wanted to keep
their relationship professional.

Walters attempted to share her discomfort with these
interactions with personnel in the Starbucks human resources
department at a store managers' meeting in January of 2021.
Walters was told not to raise these concerns at the meeting, and
to follow up with human resources separately.  When she did so,
human resources explained that Mbodje had said only positive
things about Walters, and that the matter was therefore
considered resolved.  Walters then tried to raise her concerns
with the Starbucks Regional Director, but the Starbucks Regional
Director abruptly ended the conversation.

When Mbodje went on family leave in February 2021, Tobias
took over supervising the Starbucks on Broadway.  In March of
2021, Tobias told Walters that he would be conducting an
investigation into an employee's complaint about her.  At around
that time, two employees told Walters that Mbodje and Tobias had

instructed them to make false accusations about Walters during
interviews.  Walters provided Starbucks with statements from
employees stating that they had been instructed to lie.
Starbucks, however, took no action on Walters's complaint, and
allowed Tobias to issue a "corrective action" against Walters.
Walters complained to Starbucks that she was being retaliated
against, but Starbucks again took no action on her complaint.
Walters found her work environment increasingly intolerable, and
left her job in December of 2021.

Walters filed this action on March 7, 2022, bringing claims
for discrimination, a hostile work environment, retaliation, and
constructive termination in violation of the New York State
Human Rights Law ("NYSHRL") and the New York City Human Rights
Law ("NYCHRL").[1]  On May 2, the defendants moved to compel
arbitration and dismiss the action.  The defendants' motion
became fully submitted on June 22.  The case was transferred to
this Court on August 17.

## Discussion

When deciding motions to compel arbitration, courts may
apply a standard "similar to that applicable for a motion for

---

[1] This Court has jurisdiction pursuant to 28 U.S.C. § 1332(a)(1).
As alleged in the complaint, Walters is a citizen of New Jersey,
while Mbodje and Tobias are citizens of New York, and Starbucks
is a Washington corporation with its principal place of business
in Washington.  There is therefore complete diversity between
the parties, and the amount in controversy exceeds $75,000.

summary judgment." Barrows v. Brinker Restaurant Corp., 36
F.4th 45, 49 (2d Cir. 2022) (citation omitted).  On a motion to
compel arbitration, courts therefore consider "all relevant,
admissible evidence submitted by the parties and contained in
pleadings, depositions, answers to interrogatories, and
admissions on file, together with affidavits," and draw all
reasonable inferences in favor of the non-moving party.  Meyer
v. Uber Techs., Inc., 868 F.3d 66, 74 (2d Cir. 2017) (citation
omitted).  "Where the undisputed facts in the record require the
matter of arbitrability to be decided against one side or the
other as a matter of law, [courts] may rule on the basis of that
legal issue and avoid the need for further court proceedings."
Id. (citation omitted).

I.   Enforceability

When considering a motion to compel arbitration, a court
must first decide whether the Federal Arbitration Act ("FAA")
requires enforcement of the arbitration agreement.  New Prime
Inc. v. Oliveira, 139 S. Ct. 532, 537 (2019).  The FAA provides:

> A written provision in . . . a contract evidencing a
> transaction involving commerce to settle by
> arbitration a controversy thereafter arising out of
> such contract or transaction . . . shall be valid,
> irrevocable, and enforceable, save upon such grounds
> exist at law or in equity for the revocation of any
> contract.

9 U.S.C. § 2.  The FAA establishes a "liberal federal policy
favoring arbitration agreements," requiring courts "rigorously

to enforce arbitration agreements according to their terms."
Epic Sys. Corp. v. Lewis, 138 S. Ct. 1612, 1621 (2018) (citation
omitted).  "Employment contracts, except for those covering
workers engaged in transportation, are covered by the FAA."
E.E.O.C. v. Waffle House, Inc., 534 U.S. 279, 289 (2002).

The Arbitration Agreement requires the parties "to use
binding individual arbitration to resolve" any claim covered by
the agreement.  The Arbitration Agreement is therefore a
"contract evidencing a transaction . . . to settle by
arbitration" claims related to Walters's employment with
Starbucks.  9 U.S.C. § 2.  And because the contract governs
Walters's employment, it is a contract "involving commerce"
within the meaning of the FAA.  See Waffle House, Inc., 534 U.S.
at 289.  Walters has raised no defense "upon such grounds as
exist at law or in equity for the revocation of any contract."
9 U.S.C. § 2.  Accordingly, the FAA requires that the
Arbitration Agreement be enforced.

Walters argues that federal law prohibits, rather than
requires, the enforcement of the Arbitration Agreement.  Under
the Ending Forced Arbitration of Sexual Assault and Sexual
Harassment Act of 2021, Pub. L. No. 117-90, 136 Stat. 26
(codified at 9 U.S.C. §§ 401, 402) ("EFASASHA"), a plaintiff
"alleging conduct constituting a sexual harassment or a sexual
assault dispute" may elect to render invalid and unenforceable

an arbitration provision applicable to their case.  9 U.S.C. §
402(a).[2]  The applicability of this provision must be determined
"by a court, rather than an arbitrator."  9 U.S.C. § 402(b).
EFASASHA only applies, however, to a "dispute or claim that
arises or accrues on or after the date of enactment of this
act."  EFASASHA § 3, 136 Stat. 28.  EFASASHA was signed into law
on March 3, 2022.  Pub. L. 117-90.

     Walters's claims in this lawsuit are not covered by
EFASASHA because each claim arose or accrued before March 3,
2022.  Each of Walters's claims accrued at the time she
experienced discrimination, harassment, or retaliation, and at
the latest by December of 2021, when she left her job.  See
McGullam v. Cedar Graphics, Inc., 609 F.3d 70, 75-76 (2d Cir.
2010) (statute of limitations for Title VII hostile work
environment claims begins to run at the last act that is part of
the hostile work environment); Kassner v. 2nd Ave. Delicatessen
Inc., 496 F.3d 229, 238 (2007) (statute of limitations for
NYHCRL and NYHSRL claims begins to run when "the allegedly
discriminatory acts" occur), Flaherty v. Metromail Corp., 235
F.3d 133, 138 (wrongful discharge claim accrues when the
employee gives "definite notice" of her intention to quit).

---

[2] EFASASHA defines a "sexual harassment dispute" as "a dispute
relating to conduct that is alleged to constitute sexual
harassment under applicable Federal, Tribal, or State law."  9
U.S.C. § 401(4).

Walters does not contest that her claims "accrued" for statute of limitations purposes before March 3, 2022.  Instead, Walters argues that the statute applies to any claims that were filed after March 3.  Although Walters acknowledges that claims ordinarily "accrue" when the statute of limitations begins to run, she notes that EFASASHA also applies to any "dispute", not just any claim, and that it applies to any "dispute" that either "arises or accrues" after March 3, 2022.  EFASASHA § 3, 38 Stat. 28.  Finally, Walters points to statements made by Vice President Kamala Harris at the bill's signing regarding the retroactivity of EFASASHA.

As Walters acknowledges, a claim normally "accrues" when "the plaintiff has a complete and present cause of action." Rotkiske v. Klemm, 140 S. Ct. 355, 360 (2019) (citation omitted).  EFASASHA's language is entirely consistent with this definition.  Other district courts to have considered the matter have held that EFASASHA applies only to claims that "accrued" after enactment, regardless of whether they were filed after enactment.  See Zinsky v. Russin, 22CV00547, 2022 WL 2906371, at *3 (W.D. Pa. July 22, 2022); Newcombe-Dierl v. Amgen, 22CV02155, 2022 WL 3012211, at *5 (C.D. Cal. May 26, 2022).

The statute's use of the term "dispute" does not require a different construction.  EFASASHA § 3, 38 Stat. 28.  A "sexual harassment dispute" may arise in a lawsuit, in which "claims"

are asserted, or in other kinds of proceedings.  EFASASHA may
therefore refer to "claims" and "disputes" in order encompass
various kinds of proceedings.  Nor do Vice President Harris's
statements at the bill's signing support Walters's position.[3]
The Vice President's comments state only that EFASASHA can apply
to arbitration agreements executed before the statute's
enactment -- a matter that is not in dispute here.

    Finally, Walters references N.Y. C.P.L.R. § 7515, which
prohibits mandatory arbitration agreements for unlawful
discrimination claims as a matter of New York State law.  N.Y.
C.P.L.R. § 7515(b).  This provision, however, does not apply
"where inconsistent with federal law."  Id. § 7515(b)(i).  As
explained above, the FAA requires the enforcement of the
Arbitration Agreement.  Accordingly, C.P.L.R. § 7515 does not
apply.[4]

---

[3] Remarks by Vice President Harris at Signing of H.R. 4445,
"Ending the Forced Arbitration of Sexual Assault and Sexual
Harassment Act of 2021", The White House (Mar. 3, 2022 5:42 P.M.
EST), https://www.whitehouse.gov/briefing-room/speeches-
remarks/2022/03/03/remarks-by-vice-president-harris-at-signing-
of-h-r-4445-ending-the-forced-arbitration-of-sexual-assault-and-
sexual-harassment-act-of-2021/.

[4] Additionally, if C.P.L.R. § 7515 did purport to prohibit the
enforcement of the Arbitration Agreement, it would be preempted
by the FAA, which preempts state laws "prohibiting outright the
arbitration of a particular type of claim."  Viking River
Cruises, Inc. v. Moriana, 142 S. Ct. 1906, 1917 (2022) (citation
omitted).

II.  Arbitrability

Walters argues that, even if the Arbitration agreement is enforceable, it does not encompass her claims.  When a court decides that the FAA requires enforcement of an arbitration agreement, the court must normally then decide "the question of arbitrability" -- that is, the question of whether the parties' dispute falls within the scope of that arbitration agreement. Nicosia v. Amazon.com, Inc., 834 F.3d 220, 229 (2d Cir. 2016). But "[w]hen the parties' contract delegates the arbitrability question to an arbitrator, the courts must respect the parties' decision as embodied in the contract."  Henry Schein, Inc. v. Archer & White Sales, Inc., 139 S. Ct. 524, 528 (2019).

The Arbitration Agreement provides that "the Arbitrator -- and not a court or agency -- shall have the exclusive authority to resolve any dispute regarding the formation, interpretation, applicability, enforceability, or implementation of" the Arbitration Agreement.  This language unambiguously delegates the question of arbitrability to the arbitrator, and is virtually identical to that of other delegation provisions that the Supreme Court has enforced.  See Rent-A-Center, W., Inc. v. Jackson, 561 U.S. 63, 66 (2010).  Accordingly, whethe r Walters's claims fall within the scope of the Arbitration Agreement is a question for the arbitrator to decide.  Henry Schein, Inc., 139 S. Ct. at 529-30.

## Conclusion

The defendants' May 2, 2022 motion to compel arbitration is granted.   The action is stayed pending the outcome of arbitration proceedings.

Dated:      New York, New York
            August 25, 2022

                              _____
                              DENISE COTE
                    United States District Judge